**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-61991-CIV-SMITH**

HOPE COTTINGHAM,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS

This cause is before the Court on Defendant, Wal-Mart Stores East, LP's Motion to Dismiss Plaintiff's Amended Complaint [DE 6], Plaintiff's response [DE 15], and Defendant's reply [DE 16]. Plaintiff's Amended Complaint [DE 1-4] alleges a single claim of negligence. Defendant seeks to dismiss Plaintiff's Amended Complaint because it pleads a "mode of operation" theory of negligence, which Defendant maintains is no longer recognized in Florida. For the reasons discussed below, the Motion to Dismiss is denied.

**I.  The Amended Complaint**

Plaintiff alleges that she visited Defendant's store in Hallandale Beach, Florida. While there, she tripped and fell on jeans that were lying on the floor in the women's department. This was a dangerous condition about which Defendant failed to warn the public. An employee of Defendant was nearby folding clothes when Plaintiff tripped and fell. Plaintiff alleges that Defendant had actual or constructive knowledge of the dangerous condition.

Plaintiff alleges that Defendant breached its duty to the public to use reasonable care in the maintenance, upkeep, remedy, inspection and warning regarding the condition of the women's

department.  Paragraph 16 of the Amended Complaint lists six ways in which Defendant was negligent:

> a. Failing to maintain, upkeep, and/or repair the subject area;
> b. Failing to inspect, remedy and/or correct the subject area;
> c. Failing to properly notify and/or warn of the subject condition of the area;
> d. Failing to prevent access to the subject area;
> e. Failing to implement sufficient preventative measures designed to prevent, discover, eliminate, remedy, reduce or warn of the danger posed by the dangerous condition of the area; and/or
> f. Failing to properly train and/or supervise its employees to prevent, discover, eliminate, remedy, reduce, and warn of the dangerous condition of the area that could cause injury to the public.

(DE 1-4, ¶ 16.)  As a direct result of Defendant's negligence, Plaintiff suffered bodily injury.

**II.   Motion to Dismiss Standard**

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint.  *See* Fed. R. Civ. P. 12(b)(6).  The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted.  *Id.*  It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff.  *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).  However, once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555.  However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556.

**III.   Discussion**

Defendant argues that Plaintiff's Amended Complaint should be dismissed because it alleges a claim for negligent mode of operation, which the Florida legislature abrogated in 2010 with the enactment of section 768.0755, Florida Statutes.  Section 768.0755, Florida Statutes, titled "Premises liability for transitory foreign substances in a business establishment," states, in its entirety:

> (1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
> (b) The condition occurred with regularity and was therefore foreseeable.
> (2) This section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises.

Fla. Stat. § 768.0755.  As Defendant apparently concedes,[1] the statute addresses a plaintiff's burden of proof, not the pleading standard.

---

[1] Defendant states in its Motion: "On July 1, 2010, Fla. Stat. § 768.0755, became law in Florida regarding the *burden of proof* that a plaintiff bears in slip and fall cases involving a foreign transitory substance or object."  (DE 6 at 3 (emphasis added).)

In her response, Plaintiff argues that Defendant has not actually pointed to any pleading deficiency in her Amended Complaint and that she has adequately alleged Defendant had actual or constructive knowledge of the dangerous condition, and the remaining elements of her claim. Further, Plaintiff argues that the statute is inapplicable at this stage of the proceedings because it goes to the burden of proof and does not set forth a pleading standard. Finally, Plaintiff states that she has not pled a claim based on negligent mode of operation. The Court agrees with Plaintiff.

First, on its face, section 768.0755 sets forth a burden of proof, not a burden of pleading. Second, Plaintiff has pled that Defendant had actual or constructive knowledge of the dangerous condition. Third, the Court will hold Plaintiff to her representation that she is not pursuing a negligent mode of operation claim. Thus, Plaintiff – having pled that Defendant had actual or constructive knowledge of a dangerous condition, created a foreseeable zone of risk, had a duty of care to prevent such a dangerous condition, breached that duty of care which was the proximate cause of Plaintiff's fall, injuries and damages – has adequately pled a claim of negligence.

Finally, in its reply, Defendant asks for the alternative relief of striking the allegations in paragraph 16 of the Amended Complaint. Defendant did not ask for this relief in its Motion. Making such a request for the first time in a reply violates Local Rule 7.1(c), which states, in part, a "reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition." It also violates Federal Rule of Civil Procedure 7(b)(1), which requires a request for a court order to be made by motion. Thus, the Court will not consider the request to strike paragraph 16.

Accordingly, it is

**ORDERED THAT**:

1. Defendant, Wal-Mart Stores East, LP's Motion to Dismiss Plaintiff's Amended Complaint [DE 6] is **DENIED.**

2. Defendant shall file an answer to the Amended Complaint by **December 21, 2020**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 11th day of December, 2020.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record