UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-61991-SMITH/VALLE

HOPE COTTINGHAM,

    Plaintiff,

v.

WAL-MART STORES EAST, LP.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Defendant Wal-Mart Stores East, L.P.'s Motion to Dismiss Plaintiff's Amended Complaint for Fraud Upon the Court and for Sanctions (the "Motion") (ECF No. 32).  United States District Judge Rodney Smith has referred all non-dispositive pretrial motions, including motions for sanctions, to the undersigned for appropriate disposition. *See* (ECF No. 18).  Accordingly, having reviewed the Motion, Plaintiff's Response (ECF No. 34), and being fully advised in the matter, the undersigned respectfully recommends that the Motion be **DENIED** for the reasons set forth below.

    Plaintiff brought this negligence action against Defendant after she tripped on a garment in one of Defendant's stores, injuring her face, neck, back, and right arm.[1]  (ECF No. 1-4 at 2). Since then, the parties have actively litigated the case, including participating in mediation, filing pre-trial motions, and through discovery. *See, e.g.*, (ECF Nos. 6, 15, 28, 31).  This Motion stems from Plaintiff's responses to Defendant's interrogatories and during her deposition.  In

---

[1] Plaintiff initially filed her Complaint in state court, but Defendant removed the action to federal Court based on diversity jurisdiction. (ECF No. 1 at 3).

the Motion, Defendant requests that the Court exercise its inherent powers to dismiss the action with prejudice as a sanction for Plaintiff's alleged misrepresentations in her discovery responses.

## I.     THE MOTION

In the Motion, Defendant asserts that Plaintiff "concealed and disguised essential facts" in her responses to Interrogatories 10 and 12 and during her deposition regarding: (i) prior incidents that resulted in physical injuries; (ii) the severity of any prior injuries; (iii) prior workers' compensation claims; (iv) prior claims of bodily injury; and (v) prior employment history. (ECF No. 32 at 2). In particular, Plaintiff stated in her interrogatory responses that she had previously been injured while working at Cambridge Cleaning (resulting in injuries to her right leg, right hip, upper back, and right arm) and Dirt Pros (resulting in injuries to her back and right shoulder). *Id.* at 2-4; *see also* (ECF No. 32-1 at 4-5). Later during her deposition, Plaintiff confirmed these two incidents and testified that she could not remember any additional injuries/incidents or workers' compensation claims/lawsuits other than those related to Cambridge Cleaners, Dirt Pros, and Defendant. (ECF No. 32 at 4); *see also* (ECF No. 33-2 at 69:1-24, 70:19-25, 73:6-22, 74:1-24, 85:13-21, 90:8-22, 91:8-12). According to Defendant, however, its subsequent investigation revealed that Plaintiff was involved in a total of 15 prior work-related incidents, which resulted in nine separate workers' compensation claims against various employers, alleging "similar injuries to those being claimed . . . in the instant case." (ECF No. 32 at 5).

Defendant argues that Plaintiff's purported memory loss as to 13 of these incidents "is inexcusable and [is] the very definition of fraud upon the court." *Id.* at 6. Defendant further asserts that "Plaintiff's malfeasance has prevented [it] from adequately investigating [Plaintiff's] claims and will prevent [it] from adequately presenting its case." *Id.* at 2. Thus, Defendant asks

the Court to invoke its inherent powers to sanction Plaintiff for committing fraud upon the Court and to strike the pleadings, dismiss the operative complaint with prejudice, and impose any other sanctions the Court deems appropriate.[2] *Id.* at 1-2, 7-11.

In response, Plaintiff argues that the Motion should be denied. First, Plaintiff argues that Defendant failed to meet the high standard necessary to trigger the Court's exercise of its inherent powers, which requires "clear and convincing evidence of an unconscionable plan designed to improperly influence the court in its decision." (ECF No. 34 at 4-5). Second, Plaintiff argues that, in any event, her behavior falls far short of the egregious conduct that would warrant the extreme sanction of dismissal with prejudice. *Id.* at 9-11.

## II. LEGAL STANDARD

The Court has "an inherent power to regulate litigation and sanction the parties, as well as their counsel, for abusive practices." *BPI Sports, LLC v. ThermoLife Int'l, LLC*, No. 19-CV-60505, 2021 WL 2583493, at *5 (S.D. Fla. Feb. 25, 2021); *Unum Life Ins. Co. of Am. v. Biscotti*, No. 18-CV-63048, 2021 WL 311037, *3 (S.D. Fla. Jan. 11, 2021) (citing *Brandt v. Magnificent Quality Florals Corp.*, No. 07-CV-20129, 2009 WL 899925, at *4 (S.D. Fla. Mar. 31, 2009), *aff'd*, 371 F. App'x 994 (11th Cir. 2010)); *see also Spolter v. Suntrust Bank*, 403 F. App'x 387, 390 (11th Cir. 2010) (noting that federal courts have the inherent power to sanction parties and lawyers). This includes the "inherent power to sanction a fraud upon the Court, which sanction can include dismissal of a case." *Gyasi v. M/V "ANDRE,"* No. 07-CV-23282, 2008 WL 162644, at *2 (S.D. Fla. Jan. 16, 2008). "Because of their very potency, inherent powers must be

---

[2] Striking a pleading and dismissing a case with prejudice have the same net effect and are both considered extreme sanctions. *Tarino v. Los Delfines Inc.*, No. 14-CV-22871, 2015 WL 3761903, at *4 (S.D. Fla. June 11, 2015) (striking pleadings and granting default judgment are sanctions of last resort and only appropriate where lesser sanctions are not adequate). Notably, the Motion does not discuss any alternative or lesser sanctions available to the Court besides dismissal with prejudice.

exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Thus, courts in this District have held that "fundamentally penal" sanctions, such as dismissals or an award of attorneys' fees, require proof by clear and convincing evidence. *See, e.g.*, *BPI Sports, LLC,* 2021 WL 2583493, at *5; *Unum Life Ins. Co. of Am.*, 2021 WL 311037, at *3; *Tarasewicz v. Royal Caribbean Cruises Ltd.,* No. 14-CV-60885, 2016 WL 3944176, *4 (S.D. Fla. Feb. 9, 2016); *see also JTR Enters., LLC v. An Unknown Quantity*, 93 F.Supp.3d 1331, 1367 (S.D. Fla. 2015); *In re Brican Am. LLC Equip. Lease Litig.*, 977 F.Supp.2d 1287, 1293 n.6 (S.D. Fla. 2013).

In addition, invocation of the court's inherent power requires a finding of bad faith. *BPI Sports, LLC*, 2021 WL 2583493, at *5; *Tarasewicz*, 2016 WL 3944176, *4 (citing *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995); *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1252 (11th Cir. 2007) ("[T]he threshold of bad faith conduct for purposes of sanctions under the court's inherent powers is at least as high as the threshold of bad faith conduct for sanctions under § 1927.")). In determining whether sanctions are appropriate under the bad faith standard, "the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case." *BPI Sports, LLC*, 2021 WL 2583493, at *5; *Tarasewicz,* 2016 WL 3944176, at *4 (citing *Barash v. Kates*, 585 F.Supp.2d 1347, 1362 (S.D. Fla. 2006) (quotation omitted)).

Bad faith, in turn, can be found when a party commits a fraud on the court, or where a party "delays or disrupts the litigation, or hampers the enforcement of a court order." *Barash,* 585 F.Supp.2d at 1362. Proving a fraud on the court requires "clear and convincing evidence[] [of] an unconscionable plan designed to improperly influence the court in its decision." *Johnson v. L. Offs. of Marshall C. Watson, PA*, 348 F. App'x 447, 448 (11th Cir. 2009); *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989) (a fraud on the court occurs when "a party has sentiently

4

set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter"); *see also Barronette v. Target Corp.*, No. 17-CV-60127, 2018 WL 2187685, at *1 (S.D. Fla. Apr. 19, 2018) (same). Such a finding is reserved for "the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party[.]" *Vargas v. Peltz*, 901 F.Supp. 1572, 1579 (S.D. Fla. 1995) (dismissing suit as sanction for fraud upon the court where plaintiff fabricated evidence); *see also Patterson v. Lew*, 265 F. App'x 767, 768 (11th Cir. 2008) (noting that only the most egregious conduct constitutes fraud on the court).

Accordingly, to impose the extreme sanction of dismissal with prejudice, a court must find by clear and convincing evidence that: (i) Plaintiff acted in bad faith; (ii) Defendant was prejudiced by this conduct; and (iii) lesser sanctions would not adequately serve the goals of punishment and deterrence. *BPI Sports, LLC*, 2021 WL 2583493, at *5; *Unum Life Ins. Co. of Am.,* 2021 WL 311037, *3; *Tarasewicz*, 2016 WL 3944176, at *4. These factors are discussed below.

### III.  DISCUSSION

Lying under oath should not be condoned and "[p]arties who offer evasive interrogatory answers and deposition testimony [that] omit[] relevant information invite sanctions." *Gonzalez v. Bus. Representation Int'l, Inc.*, 248 F.R.D. 644, 646 (S.D. Fla. 2008) (citations omitted); *see also Bassett v. Wal-Mart Stores E., LP,* No. 18-CV-61984, 2019 WL 4691824, at *2 (S.D. Fla. July 10, 2019) *(*citing to *ABF Freight Sys., Inc. v. N.L.R.B*, 510 U.S. 317, 326 (1994) (Kennedy, J., concurring)) ("Lying under oath is an 'affront to the law itself.'"). That said, however, the discovery responses at issue are insufficient to trigger this Court's exercise of its inherent powers to impose the extreme sanction of dismissal with prejudice.

First, Defendant has failed to show that Plaintiff's responses were made in bath faith.

Rather, as Plaintiff points out, Plaintiff produced the names of her medical providers and others who Defendant later subpoenaed to obtain the additional information that is the subject of the Motion. (ECF No. 34 at 3-4). Moreover, Plaintiff did not object to Defendant's 39 third-party subpoenas, including subpoenas to the workers' compensation doctor who then disclosed Plaintiff's past injuries and claims. *Id.* at 4, 9. That it was Plaintiff's responses that led to Defendant's subsequent discovery of additional incidents and claims supports the conclusion that Plaintiff's responses were not made in bad faith.[3] *See, e.g., McCarthy v. Am. Airlines, Inc.*, No. 07-CV-61016, 2008 WL 2517129, at *2 (S.D. Fla. June 23, 2008) (noting that plaintiff's disclosure of his prior treating physician "directly contradicts any assertion by the [d]efendants that [plaintiff] was somehow attempting to conceal his prior injury."). Thus, Defendant has not established through clear and convincing evidence that these omissions are part of an "unconscionable scheme" calculated to perpetrate a fraud. *Id*.

Second, "[n]either perjury nor the proffering of misrepresentations to the opposing party typically constitutes fraud on the court." *Bassett*, 2019 WL 4691824, at *1 (citing to *S.E.C. v. ESM Grp., Inc.*, 835 F.2d 270, 273-74 (11th Cir. 1988) (lying to opposing party and perjury do not constitute fraud on the court)); *Leon v. M.I. Quality Lawn Maint., Inc.*, No. 10-CV-20506, 2018 WL 6250529, at *13 (S.D. Fla. Nov. 29, 2018) (noting that perjury does not constitute fraud upon the court because it can be exposed at trial) (citation and quotation omitted). Rather, fraud on the court involves conduct directed to the court. *Bassett,* 2019 WL 4691824, at *2; *Leon,* 2018 WL 6250529, at *13; *see also Gupta v. Walt Disney World Co.*, 482 F. App'x 458, 459 (11th Cir. 2012)

---

[3] For example, in her interrogatory responses and deposition testimony, Plaintiff identified her prior injuries, the approximate date of the injuries, her employer at the time of the injury, and whether she filed a claim as a result of the injury. *See* (ECF Nos. 32 at 3, 33-2 at 69:7-24, 70:24-25, 73:9-19, 74:1-24, 83:14-24, 89:17-25, 90:8-22). While Defendant challenges the veracity of Plaintiff's claimed lack of recollection, *see* (ECF No. 33-2 at 85:13-21, 91:8-12), Plaintiff's purported forgetfulness is a far cry from the egregious misconduct that would warrant dismissal.

(holding that "[f]raud between parties does not constitute fraud on the court, as it does not carry the same threat of public injury."). Indeed "[c]hicanery—even deceit between the parties—will thus rarely rise to the level of iniquity required to dismiss a complaint for fraud on the court." *Bassett*, 2019 WL 4691824, at *2; *see also Filippova v. Mogilevsky*, No. 18-CV-80044, 2019 WL 1060447, at *4 (S.D. Fla. Mar. 6, 2019) (noting that Eleventh Circuit has consistently held that a fraud between parties is not fraud on the court).

In addition, Defendant has not been materially prejudiced by Plaintiff's conduct. Rather, Defendant concedes that it conducted a successful investigation that revealed the previously undisclosed 13 additional injuries and nine resulting claims. (ECF Nos. 32 at 4-6, 32-2). Thus, Defendant was not prevented from "gaining access to an impartial system of justice," and can effectively use the information it discovered to impeach Plaintiff during trial. *See ESM Group, Inc.*, 835 F.2d at 273-74 (finding that perjury does not constitute fraud on the court where, among other things, "it does not prevent a party from gaining access to an impartial system of justice."); *see also Kovelesky v. First Data Corp.*, No. 08-CV-62023, 2012 WL 12949625, at *2 (S.D. Fla. Dec. 12, 2012) (finding no fraud on the court where litigant was not prevented from gaining access to an impartial system of justice); *Bassett*, 2019 WL 4691824, at *2 (defendant was not materially prejudiced by plaintiff's misrepresentations where it uncovered lies through its own investigation); *Reina-Leon v. Home Depot U.S.A Inc.*, No. 18-CV-2262-T-33AEP, 2019 WL 1558738, at *4 (M.D. Fla. Apr. 10, 2019) (declining to sanction plaintiff for purported memory lapses because these provided fodder for impeachment during trial).

Lastly, although Defendant requests that the Court dismiss the case with prejudice, Defendant has failed to establish why a lesser sanction would not serve the goals of punishment and deterrence. *See Unum Life Ins. Co. of Am.,* 2021 WL 311037, *3 (noting that before issuing

default judgment as a sanction, court should find by clear and convincing evidence that (i) the offending party acted in bad faith; (ii) the moving party was prejudiced by this conduct; and (iii) lesser sanctions would not adequately serve the goals of punishment and deterrence) (citation and quotation omitted); *see also Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (requiring a clear record of willful conduct and a finding that lesser sanctions are inadequate before ordering dismissal as a sanction); *Bassett*, 2019 WL 4691824, at *3 (denying dismissal as a sanction when moving party failed to address the possibility of lesser sanctions).

### IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Motion (ECF No. 32) be **DENIED**. Accordingly, within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on January 17, 2022.

_____
HONORABLE ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
All Counsel of Record